# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DEBRA RASTELLINI,**

        **Plaintiff,**

**-vs-**               **Case No. 6:08-cv-255-Orl-28GJK**

**AMY CHARLES, INC.,**

         **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

 This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **AMENDED JOINT MOTION FOR STIPULATED JUDGMENT AFTER APPROVAL OF SETTLEMENT AGREEMENT TO PLAINTIFF'S FAIR LABOR STANDARDS ACT CLAIMS (Doc. No. 40)** |
| **FILED:** | **April 13, 2009** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

 Plaintiff and Defendant jointly move (the "Motion") the Court to approve their settlement agreement (the "Agreement") pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice. Doc. Nos. 37-3, 40.

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh Circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-

3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net. . . .")). In *Silva*, 307 Fed.Appx. at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D.Fla.2008).

*Id*. In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

between the plaintiff and his or her counsel, or otherwise. *Id.* Furthermore, to establish the reasonableness of the fees and costs to be paid counsel should file a sworn statement containing: 1) a true and correct copy of a time sheet detailing the work performed by counsel and other legal professionals; 2) the individual who performed each task (with an indication of whether the individual is an attorney, paralegal, legal assistant, etc.); 3) the hourly rate for each individual who performed any task; 4) the number of hours spent on each task; and 5) a precise statement of all costs and expenses incurred.

This case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. *See* Doc. Nos. 1, 5, 14, 20, 23. In addition, Defendant asserted a counterclaim and/or a claim for setoff against the Plaintiff alleging that she "accepted and converted for her own personal use [Defendant]'s credit, funds and established relationship with a vendor knowing that these items were not for her own use." Doc. No. 5, ¶4. Criminal charges are pending regarding Plaintiff's alleged unlawful conduct. *Id.*, ¶3.

Each party was represented by independent counsel who were obligated to vigorously represent their clients. The parties agreed to settle Plaintiff's claims for unpaid overtime wages as well as Defendant's claims for setoff and civil theft. Doc. No. 40 at 2. The Agreement provides for the following: 1) a mutual general release from each of the parties, 2) an agreement that Defendant will accept the settlement of this case as full restitution for any loss sustained as a result of the Plaintiff's conduct in connection with the pending criminal action; and 3) $5,000.00 for reasonable attorney's fees and costs. Doc. No. 40-2. The Motion states that Plaintiff is not

receiving monetary damages in the settlement because her FLSA claims were set off entirely by Defendant's counterclaim. *Id.*, ¶ 4.[2]

Counsel for Plaintiff filed a sworn affidavit regarding the precise final distribution of all settlement funds and a detailed time sheet showing all hours expended on the case and the person who performed the work. Doc. Nos. 40 through 40-5. In his affidavit, counsel for Plaintiff states:

> <u>No portion of Plaintiff's recovery is being paid to Plaintiff's counsel</u>. Further, because Defendant's counterclaim (and the default judgment in another related case) eclipse Plaintiff's FLSA damages, Plaintiff is technically not entitled to recover any damages, above and beyond those which she owes to Defendant.

Doc. No. 40-2, ¶5 (emphasis in original). Lead counsel for Plaintiff, Andrew Frisch, maintains that he expended 36.4 hours of work on the case at a rate of $300.00 per hour. *Id.*, ¶8. His paralegal expended 2.1 hours of work on the case at a rate of $95.00 per hour. *Id.*, ¶¶13-14. Costs of $2,457.44 were also incurred during this litigation. *Id.*, ¶18.[3] Based on counsel's calculations, the total attorneys' fees and costs incurred equal $13,576.94. *Id.* However, counsel will only receive $2,542.56 in fees pursuant to the Agreement. *Id.*, ¶19.

After reviewing the detailed time sheet, the undersigned recommends that Court find the amount of time spent on the case was reasonable. In his affidavit, counsel states that he was previously awarded a reasonable hourly rate of $300.00 in *Callow & Van Lent v. Arch Angel Welding and Masonry, Inc.*, Case No. 8:08-cv-1590-T-24TBM, Doc. No. 23 (M.D. Fla. March 27, 2009). *Id.*, ¶12; Doc. No. 40-4. Thus, the undersigned recommends that the Court find the

---

[2] The Motion provides further that Plaintiff defaulted in a separate case with respect to a claim for Civil Theft which sought treble damages, and, therefore, she owed trebled damages in an amount that "eclipsed" her FLSA damages in the present case. *Id.*, n. 1.

[3] Counsel states the costs reflect "the voluminous deposition transcripts resulting from 2 full days of depositions in this matter, as well as the cost of a lengthy mediation." Doc. No. 40-2 at 5, n. 5.

rate requested for Mr. Frisch is reasonable. Similarly, the undersigned has previously determined in a similar FLSA case that a reasonable hourly rate for paralegals with similar experience is $95.00 per hour. *See Celaya v. Stickle*, Case No. 6:08-cv-1930-Orl-18GJK, Doc. No. 12 (M.D. Fla. April 28, 2009). Thus, the undersigned recommends that the Court find the rate requested for the paralegals in this case is reasonable.

The undersigned recommends that the proposed Agreement in exchange for Plaintiff's release of all claims and Defendant's right of setoff and dismissal of the action with prejudice is fair and reasonable.

The parties request that this Court retain jurisdiction to enforce the Agreement. Doc. No. 40, ¶6. Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994), the Court does not retain jurisdiction over the settlement agreement unless it does so expressly in its order dismissing the action or unless it incorporates the terms of the settlement agreement in the order. Because breach of the agreement would not involve any federal claim, the Court recommends that it not retain jurisdiction to enforce the Agreement.

**THEREON IT IS RECOMMENDED THAT THE COURT**:

1. Grant the Motion in part (Doc. No. 40) only to the extent that the Court finds the parties' settlement is fair and reasonable;
2. Decline to retain jurisdiction to enforce the Agreement; and
3. Enter an order dismissing the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 16, 2009.

*Gregory J. Kelly*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record